UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**FRANK R. SHERLEY**                                                                                                   **PLAINTIFF**

v.                                                                                     **CIVIL ACTION NO. 4:14CV-P63-M**

**LADONNA THOMPSON, COMMISSIONER** *et al.*                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is currently before the Court on initial review of Plaintiff Frank R. Sherley's *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, a portion of the claims will proceed, and the others will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, a convicted inmate currently incarcerated at the Little Sandy Correctional Complex, brings suit under 42 U.S.C. § 1983 against LaDonna Thompson, Commissioner of the Kentucky Department of Corrections, and the following officers/employees at the Green River Correctional Complex (GRCC), in their individual and official capacities: Warden Alan Brown; Unit Administrator I, Jim Yates; Unit Administrator II, Robert Jenkins; Nurse John Harkins, LPN; and the GRCC Medical Director. He also sues CorrectCare Solutions (CorrectCare), a healthcare provider at GRCC. As relief, Plaintiff seeks monetary and punitive damages.

In the complaint, Plaintiff raises three claims. First, he asserts an Eighth Amendment claim due to the conditions of his confinement. Specifically, Plaintiff reports that on July 1, 2013, the GRCC and its "Staff were made aware of a pest problem (Ants) I was having in my assigned cell, from 7-1-13 til 7-17-13 with nothing being done." He reports speaking with Defendant Yates, who said he would look into it, but because nothing became of this

conversation, Plaintiff took the matter up with Defendant Jenkins. Plaintiff states that Defendant Jenkins, on July 1, 2013, told Plaintiff that "nothing could be done at the immediate time, that my request had been forwarded to fiscal Manager, David Higgs." Plaintiff advises that the problem was rectified on July 23, 2013.

Second, Plaintiff alleges that he was denied medical treatment in violation of the Eighth Amendment. He reports that on July 21, 2013, after weeks of treating himself due to ant bites, he went to sick call, and on July 24, 2013, he was seen by Defendant Nurse Harkins. Plaintiff claims, "treatment was cursory at best, I was examined at a glance, never even touched, but charged three dollars and giving a prescription to purchase Meds from canteen." He states that he told Defendant Nurse Harkins that he did not have funds in his account to cover buying the medications and that he needed to be treated "right then from itching from bites and scratching til skin was broke." According to Plaintiff, Defendant Nurse Harkins said that "due to me not being listed as indigent, he could not do anything at time and if I need further treatment, to come back when I was Indigent!" In addition to Nurse Harkins, Plaintiff states that he included the Medical Director as a Defendant "for his role as concurring with treatment" and included CorrectCare as a Defendant because "this company need to have better trained personell representing their Company."

Last, Plaintiff alleges an equal-protection claim. He states that since he had been complaining for weeks about the pest problem without relief, he asked Defendant Jenkins to move him to another cell but was refused by Defendants Jenkins and Yates, who told him "that there were not any cells open for black inmates." Plaintiff alleges, "I asked both to be moved to a non-black cell and was told by both Unit Aministrators that due to custom of Green River Correctional Complex, I was being denied because they didn't house black and non-blacks together unless each sign a contract."

2

Plaintiff alleges that Defendant Warden Brown "is responsible for the violation of my 8th Amendment for not correcting this misjustice in my treatment once he was made aware through grievance, knowing I was treated in this fashion" and is "in violation of my 14th Amendment for having and allowing polices and customs that go against the Liberty nor being denied to any person within his jurisdiction the equal protection of the law."  Additionally, Plaintiff contends that Defendant Commissioner Thompson "is to be held in violation of my 8th Amendment, as to concurring with warden Alan Browns ruling on my grievance, as well as being in violation of my 14th Amendment."

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. *State Defendants in their Official Capacities*

The damages claims against the state Defendants in their official capacities are barred for two reasons. First, state officials sued in their official capacities for money damages are not "person[s]" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Accordingly, the official-capacity claims for damages against the state Defendants will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.[1]

---

[1] It is unclear on initial review whether Defendant Nurse Harkins is a state employee or a CorrectCare employee. To the extent he is a state employee, the official-capacity claims against him will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief. To the extent he is a CorrectCare employee, any claims against him in his official capacity will be dismissed as redundant to the claims against CorrectCare. *See, e.g.*, *Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 n.4 (6th Cir. 2003) (Krupansky, dissenting) ("Herbert's official-capacity federal claims against [the individual defendants] were redundant, because they were subsumed by her § 1983 charge against the city."); *Smith v. Brevard*

4

### B. *Commissioner Thompson and the GRCC Medical Director*

Plaintiff seeks to hold Defendants Commissioner Thompson and the GRCC Medical Director liable based on their supervisory positions. The doctrine of *respondeat superior*, or the right to control employees, however, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff fails to allege that either Defendant Commissioner Thompson or the Medical Director was directly involved in any of the alleged wrongdoing. Although Plaintiff states that Defendant Commissioner Thompson concurred with Defendant Warden Brown's ruling on his grievance, Plaintiff's claims are against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See, e.g.*, *Grinter*, 532 F.3d at 576 ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee*, 199 F.3d at 300); *Simpson v. Overton*,

---

*Cnty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against individuals sued in their official capacity as redundant where their employer was also named as a defendant).

79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension.").

The Court, therefore, will dismiss the claims against Defendants Commissioner Thompson and the GRCC Medical Director for failure to state a claim upon which relief can be granted.

### C. *Equal-Protection Claim*

Plaintiff claims that due to a policy/custom at GRCC of segregating blacks and non-blacks, he was refused to be housed in a non-black cell to get away from pests in his cell. Upon consideration, the Court will allow this Fourteenth Amendment equal-protection claim to proceed against Defendants Warden Brown (who Plaintiff claims has allowed "policies and customs" of segregation among the races) and Unit Administrators Jenkins and Yates (who Plaintiff claims refused to place him in a non-black cell).

### D. *Eighth Amendment Claims*

#### 1. *Conditions of Confinement*

Plaintiff alleges that, despite requests for corrective action, Defendants allowed ants to infest his cell for weeks and that as a result, he received ant bites that caused him to scratch "til skin was broke" due to severe itching. Upon consideration, the Court will allow this Eighth Amendment conditions-of-confinement claim to proceed against Defendant Unit Administrators Jenkins and Yates.

#### 2. *Denial of Medical Treatment*

Plaintiff claims that he has been denied medical treatment for ant bites due to his inability to pay for treatment. The Court will allow this Eighth Amendment denial-of-medical-treatment

claim to continue against Defendant Nurse Harkins in his individual capacity and CorrectCare. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996) (indicating that liability of a contracted private entity must be based on "a policy or custom" or "the inadequacy of [an employee's] training"). Because Plaintiff seeks to hold Defendant Warden Brown liable on this claim based only on his denial of a grievance, the Court will not allow this claim to proceed against him, *see Alder v. Corr. Med. Servs.*, 73 F. App'x at 841 ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."). The Court, therefore, will dismiss this Eighth Amendment claim against him.

## IV.  ORDER

For the foregoing reasons,

**IT IS ORDERED that the following claims shall proceed past initial review:** (1) the Fourteenth Amendment equal-protection, segregation-of-races claim against Defendants Warden Brown and Unit Administrators Jenkins and Yates in their individual capacities; (2) the Eighth Amendment conditions-of-confinement claim against Defendant Unit Administrators Jenkins and Yates in their individual capacities; and (3) the Eighth Amendment denial-of-medical-treatment claim against Defendants Nurse Harkins in his individual capacity and CorrectCare Solutions.[2]  In permitting these claims to continue, the Court passes no judgment on their merit and ultimate outcome.  A separate Scheduling Order will be entered to govern the development of the continuing claims.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to § 1915A(b)(2) for seeking damages from Defendants immune from such relief.  **As all claims**

---

[2] Given Plaintiff's *pro se* status, the Court will, by separate Scheduling Order, seek clarification from counsel for the KDOC as to whether CorrectCare Solutions was its third-party healthcare provider during the relevant time period, or whether it was some other CorrectCare entity.

**against Defendants LaDonna Thompson and the GRCC Medical Director have been dismissed, the Clerk of Court is DIRECTED to terminate them as Defendants to this action.**

Date: November 24, 2014

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005